[Cite as *State v. Collins*, 2013-Ohio-3645.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25612 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 06-CR-3250 |
| v. | : | |
| | : | |
| ANTHONY COLLINS | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of August, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. #0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant Anthony Collins appeals from an order overruling his

post-conviction motion to merge his offenses for purposes of sentencing. Collins contends that the trial court committed plain error at the time of sentencing when it failed to merge his Rape and Child Endangering offenses.

{¶ 2} We conclude that this claim could have been raised on direct appeal, and is therefore barred by res judicata. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} In 2006, Collins was indicted on one count of Child Endangering, in violation of R.C. 2919.22(A). The indictment further alleged that Collins's conduct resulted in serious physical harm to the victim, pursuant to R.C. 2919.22(E)(2)(c). In 2007, Collins was indicted on one count of Rape of a child under the age of ten, in violation of R.C. 2907.02(A)(1)(b).

{¶ 4} Following a jury trial, Collins was found guilty of Child Endangering and Rape of a child under the age of ten. In July 2007, Collins was sentenced to life without parole on the Rape charge, and to five years on the Child Endangering charge, to be served consecutively to the Rape sentence. Collins appealed from his conviction and sentence. On May 30, 2008, we affirmed the conviction and sentence. *State v. Collins*, 2d Dist. Montgomery No. 22330, 2008-Ohio-2590.[1]

{¶ 5} Four years later, in August 2012, Collins filed a Motion for Merger, contending that the trial court committed plain error at the time of sentencing by failing to merge his Rape and Child Endangering offenses. According to Collins, the test set forth in *State v. Johnson*, 128

---

[1] By entry dated August 18, 2008, we subsequently reconsidered our judgment on appeal and modified Collins's sentence from life without the possibility of parole to life with the possibility of parole.

Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, mandates a finding that his Rape and Child Endangering offenses are allied offenses of similar import pursuant to R.C. 2941.25.

{¶ 6} The State opposed Collins's motion for merger, contending that the merger claim was barred by res judicata and that the *Johnson* decision could not be applied retroactively to Collins's conviction. The State further contended that Collins's Rape and Child Endangering crimes are not allied offenses of similar import

{¶ 7} The trial court overruled Collins's motion for merger, finding that Collins's two offenses were not committed with the same, single act, and, therefore, not subject to merger. From this order, Collins appeals.


## II. Collins's Merger Argument Is Barred by Res Judicata

{¶ 8} Collins's sole assignment of error states:

THE TRIAL COURT ERRED IN OVERRULING THE MOTION AND REQUEST FOR MERGER.

{¶ 9} Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Township,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 10} In his direct appeal from his conviction and sentence, Collins raised nine assignments of error, none of which raised the issue of merger of his offenses for purposes of

sentencing. Collins could have raised the issue in his direct appeal. Collins's merger claim in the Motion for Merger that he subsequently filed is therefore barred by res judicata. *Perry; State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584.

{¶ 11} Collins attempts to avoid the res judicata bar by reliance on *Johnson,* which was decided subsequent to his conviction and sentence. But a new judicial ruling applies only to cases that are pending on the announcement date of the new ruling, and may not be applied retroactively to a conviction that has become final. *Ali v. State of Ohio*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Collins's conviction became final in 2008 after the Supreme Court declined to accept his appeal from our May 30, 2008 judgment affirming his conviction and sentence. *Johnson* was decided on December 29, 2010. Therefore, *Johnson* does not apply to Collins's conviction.

{¶ 12} Collins's sole assignment of error is overruled.

### III. Conclusion

{¶ 13} Collins's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Jay A. Adams
Hon. Mary L. Wiseman