[Cite as *State v. Carter*, 2016-Ohio-7240.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-8 |
| | : | |
| v. | : | T.C. NO. 12CR112 |
| | : | |
| DEE CARTER | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___7th__ day of ___October____, 2016.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. No. 0073124, 4800 Belmont Place, Huber Heights, Ohio 45424
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Dee Carter appeals from the trial court's denial of his post-sentencing motion to withdraw his guilty plea.  For the following reasons, the trial court's judgment will be affirmed.

**I. Factual and Procedural History**

{¶ 2} In December 2013, Carter pled guilty in the Clark County Court of Common Pleas to one count of gross sexual imposition, a fourth-degree felony. In exchange for the plea, the State dismissed one count of rape. The parties agreed to an eleven-month sentence and that Carter would receive credit for time served in jail while the case was pending (348 days), which exceeded the eleven-month sentence. The trial court imposed the agreed eleven-month sentence, informed Carter that he would be subject to five years of post-release control, and ordered him to pay court costs. Carter was designated a Tier III sex offender.

{¶ 3} Carter appealed from his conviction, raising two assignments of error. His first assignment claimed that "[t]he trial court erred by failing to properly inform and ensure that the defendant-appellant understood his constitutional rights prior to accepting defendant-appellant's waiver and guilty plea, and continuing to accept defendant-appellant's guilty plea after defendant-appellant made known that he was not aware of the possible penalties, was not guilty of the criminal offense of which he was pleading guilty, and did not desire to enter a plea of guilty." His second assignment of error asserted ineffective assistance of counsel. We rejected Carter's assignments of error and affirmed his conviction. *State v. Carter*, 2d Dist. Clark No. 2013 CA 115, 2014-Ohio-4856.

{¶ 4} On December 23, 2015, Carter filed a pro se motion to withdraw his guilty plea. He asserted that he did not knowingly plead guilty to gross sexual imposition and that he was not guilty of the offense. Carter further argued that he was and is disabled due to his "borderline intellectual functioning," as documented by the Social Security Administration. Carter attached to his motion documentation of his receiving

Supplemental Security Income payments "as a disabled person" beginning January 2015 and of a mental health evaluation from 2001.

{¶ 5} On January 14, 2016, the trial court overruled Carter's motion to withdraw his plea. The court reasoned:

Upon review of the pleadings, plea agreement and defendant's motion, the Court finds, that after the defendant had two competency examinations finding him competent to stand trial, the defendant entered a voluntary, knowing and intelligent plea agreement with the State of Ohio. The defendant has not presented any new information that the court was not aware of, defendants' [sic] exhibits from the [S]ocial [S]ecurity [A]dministration were attached to his competency reports, the defendant is disabled for SSI benefits but was competent to enter a guilty plea.

THEREFORE, the Court finds the defendant has failed to show a manifest injustice by virtue of his mental capacity and his motion to withdraw his guilty plea is DENIED.

{¶ 6} Carter appeals from the trial court's denial of his motion to withdraw his plea.

## II. Manifest Injustice due to Mental Capacity

{¶ 7} On appeal, Carter raises two assignments of error, which state:

1. Appellant should have been allowed to withdraw his guilty plea due to the manifest injustice that has taken place regarding his lack of mental capabilities to understand the implications of his plea and sentence in this matter.

2. Appellant's conviction should be overturned since the plea may not

have been knowingly, intelligently, and voluntarily given as required by statute.

**{¶ 8}** Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

**{¶ 9}** Withdrawal of a plea after sentencing is permitted only in the most extraordinary cases. *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The defendant bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the sound discretion of the trial court." *Wilson* at ¶ 18.

**{¶ 10}** The State asserts that Carter's claims are barred by the doctrine of res judicata. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction.

*Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 11} In his direct appeal from his conviction, Carter claimed that the trial court had failed to comply with Crim.R. 11 and failed to ensure that he understood the rights he was waiving. Carter emphasized that he had repeatedly informed the court at the plea hearing that he was "slow" and that he did not believe it was in his best interest to enter the plea.

{¶ 12} On review of his conviction, we began with the legal principle that an appellate court "must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily." *Carter*, 2d Dist. Clark No. 2013 CA 115, 2014-Ohio-4856, at ¶ 4. We described the plea hearing in detail and quoted portions of the plea hearing transcript, including portions in which Carter told the court that he was "a little slow sometimes." We found no error in the trial court's acceptance of Carter's guilty plea, concluding:

> Contrary to Carter's assertions, the record reflects that the trial court carefully and patiently reviewed with Carter the consequences of his guilty plea and took pains to ensure that Carter's plea was made knowingly, intelligently, and voluntarily. The court literally complied with Civ.R. 11(C)(2)(c), which concerned Carter's federal constitutional rights. Moreover, the court complied with Crim.R. 11(C)(2)(a) and (b) by inquiring whether Carter's plea was voluntarily entered, whether he had been threatened or any promises had been made to him, and explaining the possible penalties and the effect of his plea. Carter was permitted to (and did) consult with his attorney throughout the plea hearing, and the court

made sure that Carter was not entering his plea simply to "get it over with." *Carter* at ¶ 14.

{¶ 13} Carter's claim in this case that his plea might not have been given knowingly, intelligently, and voluntarily was previously addressed in his direct appeal, and he provides no new evidence that would warrant new consideration of that claim. Although Carter's documentation of his receiving Supplemental Security Income payments is from after his conviction, the court was aware of his receipt of SSI income prior to the plea.

{¶ 14} Regardless, Carter has not demonstrated that a manifest injustice exists that would warrant the withdrawal of his guilty plea. Carter's evidence in support of his motion indicated that Carter receives Supplemental Security Income payments and that a 2001 mental health evaluation stated that Carter had "borderline intellectual functioning." Nothing in Carter's documentation indicates that Carter was unable to enter a knowing, intelligent, and voluntary plea, or that his mental capabilities rendered his conviction a manifest injustice.

{¶ 15} Carter's assignments of error are overruled.

### III. Conclusion

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Byron K. Shaw
Hon. Douglas M. Rastatter