**[Cite as *State v. Dixon*, 2018-Ohio-4138.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27961 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-4213/4 |
| | : | |
| WILLIAM DIXON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR. by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 W. Third Street, 5th Floor, Dayton, OH 45422
      Attorney for Plaintiff-Appellee

WILLIAM DIXON, #529-169, P.O. Box 80033, Toledo, OH 43608
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant William Dixon appeals pro se a judgment of the Montgomery County Court of Common Pleas, Criminal Division, overruling his "motion to vacate a void sentence pursuant to Crim.R. 52(B)" and his "motion to supplement case law and standard for pending rule 52(B)." Specifically, the trial court found that Dixon's arguments regarding the failure of the sentencing court to merge allied offenses and the imposition of consecutive sentences were barred by res judicata. Dixon filed a timely notice of appeal with this Court on April 6, 2018.

{¶ 2} Initially, we note that following his original conviction in 2006, Dixon filed an unsuccessful direct appeal. Dixon has also unsuccessfully pursued post-conviction relief. *See State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755 (*Dixon I*); *State v. Dixon*, 2d Dist. Montgomery No. 23592, 2010-Ohio-2635 (*Dixon II*); *State v. Dixon*, 2d Dist. Montgomery No. 26873, 2016-Ohio-5538 (*Dixon II*); and *State v. Dixon*, 2d Dist. Montgomery No. 27652, 2018-Ohio-192 (*Dixon IV*).

{¶ 3} Because they are interrelated, Dixon's assignments of error will be discussed together.

THE COURT VIOLATED THE CONSTITUTION, STATUTE, AND LAW, DIXON'S RIGHTS TO LIBERTY AND DUE PROCESS, BY IMPOSING A SENTENCE OUTSIDE STATUTE.

THE TRIAL COURT ERRED BY IMPOSING A VOID ILLEGAL SENTENCE WHICH IS CONTRARY TO LAW, STATUTES AND VIOLATES THE UNITED STATES CONSTITUTIONAL AMENDMENTS 5TH, 6TH, 8TH, AND 14TH – U.S.C.A.

ALLIED OFFENSE ISSUE. THE TRIAL COURT ABUSED [ITS] DISCRETION AND FAILED TO GRANT CONSTITUTIONAL DUE PROCESS, WHICH VIOLATED THE OHIO CONSTITUTION AND THE U.S. CONSTITUTION OF THE 5TH, 6TH, 8TH, AND 14TH AMENDMENTS.

THE TRIAL COURT ABUSED [ITS] DISCRETION BY IMPOSING A FACT NOT IN EVIDENCE OR ON RECORD TO GIVE A PERSONAL BIAS RETAINED FALSELY OUTSIDE THE RECORD – HATE CRIME ACCUSATION – WITH NO PRIOR NOTICE OR SUPPORTING FACTS WHICH LED TO ILLEGAL SENTENCE, THIS VIOLATED THE OHIO CONSTITUTION AND UNITED STATES CONSTITUTION. 5TH, 6TH, 8TH, AND 14TH AMENDMENTS. DISPARITY IN PENALTIES R.C. 2953.21.

THE COURT VIOLATED THE 8TH AMENDMENT AND OTHER DUE PROCESS VIOLATIONS BASED ON IMPOSING A SENTENCE OUT OF PROPORTION. EXCESSIVE BASED ON DISPARITY IN SENTENCE R.C. 2953.08(A)(5) – ALSO PRESUMED GUILT BY THE COURT [R.C.] 2901.05(A).

TRIAL COUNSEL AND APPELLATE COUNSEL BOTH WAS INEFFECTIVE WHICH DEPRIVED DIXON OF A FAIR CONSTITUTIONAL TRIAL AND APPEAL.

DIXON WAS DEPRIVED [OF] LIBERTY, DUE PROCESS, AND EQUAL PROTECTION BY DENIAL TO CONSIDER MERITS OF ALLIED OFFENSES – WHEN DIXON REPEATEDLY TRIED TO PRO SE OBJECT

AND MOVE THE COURT, PRE-TRIAL AND POST-TRIAL, COUNSEL REFUSED TO PROPERLY RAISE ISSUE – ALSO DIXON BELIEVES COMPLICITY NEEDS TO BE ESTABLISHED PROPERLY FOR ALLIED OFFENSE, AS IT STANDS ITS CONSTITUTIONAL VIOLATIONS TO IMPOSE CONSECUTIVE SENTENCES ON ONE ACT OF COMPLICITY.

THE APPEALS COURT AND TRIAL COURT ALL HAVE VIOLATED DIXON[']S RIGHTS OF DUE PROCESS, EQUAL PROTECTION AND CONSTITUTIONAL RIGHTS TO CONVICTION AND SENTENCE – IMPOSED BY STATUTE.

DIXON WAS DENIED DUE PROCESS FAIR TRIAL BY ABUSE OF DISCRETION BY DISPARITY IN SENTENCE PRESUMED GUILT AND BIAS JUDGE ISSUES WHICH VIOLATED 5TH, 6TH, 8TH, AND 14TH AMENDMENTS.

THE CONSTITUTIONAL RIGHT OF FAIR TRIAL, DUE PROCESS, AND EQUAL PROTECTION WAS DEPRIVED BY PROSECUTOR MISCONDUCT, WHICH VIOLATED THE 5TH, 6TH, 8TH, AND 14TH AMENDMENTS.

{¶ 4} In the instant appeal, Dixon contends that the trial court erred in failing to merge allied offenses when it sentenced him in 2006 to an aggregate 21-year prison term for complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit felonious assault, all with firearm specifications. Dixon also argues that the trial court erred when it imposed consecutive sentences. Furthermore Dixon contends that his trial and appellate counsel were ineffective for failing to properly

raise the sentencing issues at trial and on direct appeal. Dixon also argues that the evidence adduced at trial was insufficient to support his convictions for complicity. Lastly, Dixon argues that the State committed prosecutorial misconduct at trial.

{¶ 5} Post-conviction relief is governed by R.C. 2953.21. The statute provides, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶ 6} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). *See also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21. The instant appeal represents Dixon's fourth motion for post-conviction relief.

{¶ 7} Upon review, we see no error in the trial court's ruling. As we stated in *Dixon IV*, any allied-offense sentencing error would have rendered Dixon's sentence voidable,

not void. Thus, res judicata precludes him from raising an allied-offense issue in post-conviction proceedings when the issue could have been raised on direct appeal. *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10 ("The failure to merge allied offenses does not render a judgment void, but voidable. * * * Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal."); *see also State v. Haynes*, 2d Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶ 14 ("[T]he issues raised in Haynes's assignments of error could have been raised on direct appeal, and are barred by res judicata, regardless of whether they might be characterized as plain error."); *State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 11 ("Because Dominguez could have raised the allied-offense issue in a direct appeal, the trial court correctly concluded that res judicata applied to his post-conviction motions."). Here we see no reason why Dixon could not have raised an allied-offense argument on direct appeal, and he has not identified any such reason. Accordingly, Dixon's allied offenses claims are barred by res judicata.

{¶ 8} Furthermore, we find that res judicata bars Dixon's remaining assignments of error. In *Dixon I, Dixon II,* and *Dixon III,* Dixon raised ineffective assistance claims. After initially finding no ineffective assistance in his direct appeal, we subsequently held the issue was barred by res judicata. *Dixon I* at ¶ 53; *Dixon II* at ¶ 23; and *Dixon III* at ¶ 34. In assignments of error I and II, Dixon argues that the trial court erred when it imposed consecutive sentences. Dixon, however, raised the same argument in his direct appeal, wherein we affirmed the trial court's imposition of consecutive sentences. *Dixon I* at ¶ 18. Additionally, we find that Dixon previously raised arguments regarding

the sufficiency and manifest weight of the evidence in *Dixon I* and *Dixon II*. Thus, those arguments are barred by res judicata.

{¶ 9} In his fourth assignment, Dixon argues that the trial court was biased against him because it falsely believed that he was anti-Semitic based upon a statement made during sentencing; however; this issue could have been raised on direct appeal and is now barred by res judicata. Res judicata also bars Dixon's argument regarding a sentencing disparity between himself and his co-defendants. Lastly, Dixon's claim regarding prosecutorial misconduct was argued and thoroughly addressed by this Court in *Dixon III*, and is therefore barred by res judicata.

{¶ 10} Dixon's assignments of error are overruled.

{¶ 11} All of Dixon's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and HALL, J., concur.

Copies sent to:

Sarah E. Hutnik
William Dixon
Hon. Steven K. Dankof