[Cite as *State v. Rollins*, 2018-Ohio-4525.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2007-CR-178 |
| | : | |
| JOSEPH W. ROLLINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of November, 2018.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JOSEPH W. ROLLINS, #569-438, P.O. Box 57, Marion, Ohio 43301
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Joseph W. Rollins appeals a judgment of the Champaign County Court of Common Pleas, General Division, overruling his "motion to vacate void sentences." Rollins filed a timely notice of appeal with this Court on January 31, 2018.

{¶ 2} We set forth the history of the case in *State v. Rollins,* 2d Dist. Champaign No. 08CA003, 2009-Ohio-899 (hereinafter "*Rollins I*"), and repeat it herein in pertinent part:

Defendant, Joseph Rollins, entered pleas of guilty pursuant to a negotiated agreement to one count of aggravated burglary, R.C. 2911.11(A)(2), two counts of rape, R.C. 2907.02(A)(2), each with a sexually violent predator specification, R.C. 2941.148, and a prior violent sex offense specification, R.C. 2971.03(A)(4), one count of kidnaping, R.C. 2905.01(A)(4), with a sexual motivation specification, R.C. 2941.147, a sexually violent predator specification, R.C. 2941.148, and a prior violent sex offense specification, R.C. 2971.03(A)(4), and one count of failure to comply with an order or signal of a police officer, R.C. 2921.331(B), (C)(5)(a)(ii). In exchange, the State dismissed several other pending charges, including aggravated menacing, aggravated burglary, rape, possession of criminal tools, carrying concealed weapons and assault.

The trial court sentenced Defendant to consecutive prison terms of five years on the aggravated burglary, ten years to life on each of the rape counts and on the kidnaping, and three years on the failure to comply with an order or signal of a police officer, for an aggregate sentence of thirty-eight years to life. The court also classified Defendant as a Tier III sex offender.

*Id.* at ¶ 1-2.

{¶ 3} In his direct appeal in 2009, Rollins argued that the trial court erred when it

imposed consecutive sentences. Rollins also argued that he suffered from multiple mental health problems and had expressed remorse for his offenses. *Id.* at ¶ 6. Lastly, Rollins contended that his aggregate sentence was disproportionate to punishments imposed on others for like offenses. *Id.* We rejected his arguments, concluding that multiple factors existed supporting a finding that Rollins was likely to commit future crimes. *Id.* at ¶ 13. Furthermore, we found that these factors were not outweighed by Rollins's mental health problems or his remorse. *Id.* We also found that because Rollins failed to object in the trial court on the basis that his sentence was inconsistent with others, or to offer any evidence to support that claim, he had waived that argument for purposes of appeal. *Id.* at ¶ 16.

{¶ 4} On November 9, 2017, Rollins filed a "motion to vacate void sentences," the denial of which is the subject of the instant appeal. In his motion, Rollins argued that R.C. 2971.03(A)(4) was improperly used to enhance his sentences on the rape and kidnapping charges, thereby rendering those sentences void. Specifically, Rollins contended that R.C. 2971.03(A)(4) only applies to offenders previously found guilty of a sexually violent predator specification, and no such finding had been made in his case.

{¶ 5} In its memorandum in response, the State argued that, by express agreement of all parties, Rollins was properly sentenced in accordance with R.C. 2971.03(A)(3)(d)(ii), not R.C. 2971.03(A)(4), and his sentences for rape and kidnapping therefore were not void. The State also argued that res judicata precluded further review of Rollins's sentence. On January 5, 2018, the trial court overruled Rollins's motion.

{¶ 6} It is from this judgment that Rollins now appeals.

{¶ 7} Rollins's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO A SPECIFICATION NOT CONTAINED IN A[N] INDICTMENT FOUND BY A GRAND JURY THUS IN VIOLATION OF THE U.S. CONSTITUTION AND OHIO CONSTITUTION ART. 1 SECT. 10.

{¶ 8} In his sole assignment, Rollins contends that the trial court erred when it improperly sentenced him for a prior violent sex offense conviction specification pursuant to R.C. 2971.03(A)(4).

{¶ 9} Post-conviction relief is governed by R.C. 2953.21. The statute provides, in pertinent part, that:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶ 10} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of

conviction void or voidable. R.C. 2953.21.

**{¶ 11}** The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶ 51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

**{¶ 12}** We review the trial court's denial of Rollins's motion to vacate his sentence for an abuse of discretion. *Gondor* at ¶ 52. An abuse of discretion suggests the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 13}** Initially, we note that Rollins's motion was the functional equivalent of a petition for post-conviction relief, which was untimely because it was not filed within 365 days after the trial transcript was filed with this court in his direct appeal. *See* R.C. 2953.21(A)(2). In addition, none of the statutory exceptions for filing untimely petitions apply here. *See* R.C. 2953.23(A).

**{¶ 14}** More importantly, Rollins's argument is barred by res judicata because he was required to raise this argument during his direct appeal. *See State v. Reid*, 2d Dist. Montgomery No. 25790, 2014-Ohio-1282, ¶ 7-9. In *Reid,* we stated the following:

"Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Moreover, "[a]rguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, ¶ 42, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. (Other citation omitted.) In other words, "defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." *Id.* at ¶ 40, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

"[A] voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Id.*, quoting *Simpkins* at ¶ 12.

*Reid* at ¶ 7-8.

{¶ 15} The arguments raised in Rollins's petition establish, at most, that his sentence was voidable. Rollins does not argue that his sentence was not in conformity with statutorily mandated terms, or was not provided for by law, or even that his sentence failed to comply with the formal requirements of R.C. 2941.25. *See State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 9. At best, Rollins's sentence was voidable; thus he was barred by the doctrine of res judicata from challenging his sentence

on these grounds collaterally through his petition for post-conviction relief.

{¶ 16} Significantly, the record establishes that, contrary to Rollins's argument in his motion to vacate, he was not sentenced pursuant to 2971.03(A)(4) (prior violent sex offense conviction), which requires a sentence of life imprisonment without the possibility of parole. Rather, the record establishes that Rollins was sentenced pursuant to R.C. 2971.03(A)(3)(d)(ii). As stated previously, prior to sentencing, the trial court determined that the specifications attached to the rape and kidnapping charges in the indictment did not apply to Rollins. After bringing this issue to the attention of the parties, the trial court applied the appropriate section of the statute, namely R.C. 2971.03(A)(3)(d)(ii), which requires a prison term of ten years to life in prison.

{¶ 17} R.C. 2971.03(A)(3)(d)(ii) states as follows

(A) Notwithstanding divisions (A) and (D) of section 2929.14, section 2929.02, 2929.03, 2929.06, 2929.13, or another section of the Revised Code, other than divisions (B) and (C) of section 2929.14 of the Revised Code, that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony or that specifies the manner and place of service of a prison term or term of imprisonment, the court shall impose a sentence upon a person who is convicted of or pleads guilty to a violent sex offense and who also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information charging that offense, and upon a person who is convicted of or pleads guilty to a designated homicide, assault, or kidnapping offense and also is

convicted of or pleads guilty to both a sexual motivation specification and a sexually violent predator specification that were included in the indictment, count in the indictment, or information charging that offense, as follows:

* * *

[3](d) Except as otherwise provided in division (A)(4) of this section, if the offense for which the sentence is being imposed is rape for which a term of life imprisonment is not imposed under division (A)(2) of this section or division (B) of section 2907.02 of the Revised Code, it shall impose an indefinite prison term as follows:

(ii) If the rape is committed prior to January 2, 2007, or the rape is committed on or after January 2, 2007, other than in violation of division (A)(1)(b) of section 2907.02 of the Revised Code, *it shall impose an indefinite prison term consisting of a minimum term fixed by the court that is not less than ten years, and a maximum term of life imprisonment.*

(Emphasis added.)

{¶ 18} Therefore, the error raised by Rollins was resolved prior to sentencing by notice and agreement of the parties and the trial court. While his indictment included specifications for a prior sexually violent offense conviction pursuant to R.C. 2971.03(A)(4), Rollins was not sentenced under that provision. Rather, Rollins was sentenced pursuant to R.C. 2971.03(A)(3)(d)(ii). Thus, any error in the indictment was harmless. Indeed, Rollins's sentence would be void if he were serving a life sentence without the possibility of parole, which he is not. Rollins's Entry of Judgment, Conviction, and Sentence, filed on February 8, 2008, sentenced him to ten years to life imprisonment

for each of the following counts: Count IV (rape), Count V (rape), and Count VII (kidnapping). Rollins's sentences on Counts IV, V, and VII were consistent with the application of R.C. 2971.03(A)(3)(d)(ii). Thus, even if Rollins's argument were not barred by res judicata, it would fail on its merits, and the trial court did not err when it overruled Rollins's motion to vacate a void sentence.

{¶ 19} Rollins's sole assignment of error is overruled.

{¶ 20} Rollins's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Jane A. Napier
Joseph W. Rollins
Hon. J. Timothy Campbell, c/o Champaign Co. Common Pleas Court