[Cite as *State v. Dixon*, 2019-Ohio-230.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27991 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-4213/4 |
| | : | |
| WILLIAM DIXON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of January, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

WILLIAM DIXON, Inmate No. 529-169, Toledo Correctional Institution, P.O. Box 80033, Toledo, Ohio 43608
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, William Dixon, appeals pro se from the order of the Montgomery County Court of Common Pleas denying his "Motion to Correct Illegal Sentence" and "Motion to Supplement." For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} In 2005, Dixon was one of four people who acted in concert to rob a residence on Lynnaway Drive in Dayton, Ohio. The resident of the property was able to prevent the robbery, but was shot and injured by one of Dixon's co-conspirators in the process. Dixon and his co-conspirators fled the scene after the attempted robbery, but were later arrested and indicted for complicity to commit aggravated robbery, complicity to commit aggravated burglary, complicity to commit felonious assault, and three attendant firearm specifications.

{¶ 3} By the time Dixon's case went to trial, his co-conspirators had already pled guilty to the indicted charges and were serving their respective prison sentences. Prior to his trial, Dixon filed two motions to suppress and several pro se motions, all of which the trial court overruled. On the first day of trial, the trial court also overruled a last-minute request by Dixon to retain different counsel. Later on, Dixon moved for a mistrial twice in response to the State presenting witness testimony indicating that he had engaged in prior robberies. However, the trial court overruled those motions as well.

{¶ 4} In proceeding with trial, the State presented evidence showing that Dixon had planned the robbery, purchased the clothing worn during the robbery, drawn a map of the

area around the Lynnaway residence, led his co-conspirators to the Lynnaway residence, and provided the weapon and ammunition used during the robbery attempt. In light of this evidence, the jury found Dixon guilty of all the indicted charges and specifications.

{¶ 5} Following the jury's verdict, the trial court sentenced Dixon to an aggregate term of 21 years in prison. Dixon then appealed from his conviction and sentence claiming: (1) the trial court erred in imposing consecutive, maximum sentences; (2) the trial court abused its discretion in denying his last-minute request to replace counsel; (3) the trial court abused its discretion in failing to declare a mistrial; (4) his convictions were against the manifest weight of the evidence; and (5) his trial counsel provided ineffective assistance. In support of his ineffective assistance claim, Dixon alleged that his trial counsel denied him his right to testify at trial and failed to interview and subpoena key defense witnesses. We rejected all of Dixon's claims and affirmed his conviction and sentence. *See State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755 (*Dixon I*).

{¶ 6} While his appeal in *Dixon I* was pending, Dixon filed a petition for postconviction relief with the trial court. In the petition, Dixon raised several claims, including the same ineffective assistance claims raised in his direct appeal. Dixon also raised a claim of prosecutorial misconduct alleging that the State knowingly presented false testimony and withheld exculpatory evidence at trial. After our decision in *Dixon I* was issued, the trial court denied Dixon's petition for postconviction relief, and Dixon appealed. On appeal, we determined that the claims raised in Dixon's petition for postconviction relief either lacked merit or were barred by res judicata. Accordingly, we affirmed the trial court's judgment denying Dixon's petition. *See State v. Dixon*, 2d Dist.

Montgomery No. 23592, 2010-Ohio-2635 (*Dixon II*).

{¶ 7} Five years after our decision in *Dixon II*, Dixon filed five pro se motions with the trial court entitled: (1) "Motion of Notice of Brief"; (2) "Motion to Submit Brief and Three Appendices"; (3) "Motion to Seal Records and Proceedings and Motion for New Trial"; (4) "Motion for Summary Judgment"; and (5) "Motion for New Trial for the New Evidence." The trial court overruled all five motions in a single order, and Dixon thereafter appealed.

{¶ 8} In this third appeal, Dixon raised several claims, including the same claims of prosecutorial misconduct and ineffective assistance of counsel that he raised in *Dixon II*. Dixon also claimed his trial counsel was ineffective for failing to file a witness list and pertinent motions such as a motion to change venue, a motion to transfer the case to another judge, and a motion to determine witness reliability. Dixon further claimed that his trial counsel paid a private investigator to threaten witnesses. After reviewing the matter, we once again found that Dixon's claims either lacked merit or were barred by res judicata. Therefore, we affirmed the trial court's order overruling Dixon's five pro se motions. *See State v. Dixon*, 2d Dist. Montgomery No. 26873, 2016-Ohio-5538 (*Dixon III*).

{¶ 9} Approximately eight months after our decision in *Dixon III*, Dixon filed a pro se motion for relief from judgment with the trial court. In support of this motion, Dixon argued that his sentence was void due to the trial court's failure to merge allied offenses of similar import at sentencing. The trial court, however, denied the motion on grounds that res judicata applied to Dixon's allied offenses claim. Dixon appealed, and we agreed that the allied offenses claim was barred by res judicata since it could have been, but was not, raised on direct appeal. *See State v. Dixon*, 2d Dist. Montgomery No. 27652, 2018-

Ohio-192 (*Dixon IV*).

{¶ **10**} A month after our decision in *Dixon IV*, Dixon filed a pro se "Motion to Vacate a Void Sentence Per Criminal Rule 52(B)." Shortly thereafter, Dixon filed a supplement to that motion. The trial court denied both motions on grounds that the arguments raised therein were previously rejected on appeal and barred by res judicata. Dixon thereafter appealed from the trial court's order.

{¶ **11**} During this fifth appeal, Dixon once again argued that the trial court erred in failing to merge allied offenses and by imposing consecutive sentences. Dixon also challenged the disparity between his sentence and the sentences received by his co-conspirators. In addition, Dixon argued that his trial and appellate counsels were ineffective for failing to properly raise the aforementioned sentencing issues at trial and on direct appeal. Dixon further argued that the evidence adduced at trial was insufficient to support his convictions, the State committed prosecutorial misconduct at trial, and the trial court was biased against him because it falsely believed he was anti-Semitic based upon a statement made during sentencing. We rejected each of Dixon's claims on res judicata grounds since the claims were either raised in one of Dixon's prior appeals or could have been raised on direct appeal. Accordingly, we affirmed the trial court's order denying Dixon's motion to vacate sentence and the corresponding supplemental motion. *See State v. Dixon*, 2d Dist. Montgomery No. 27961, 2018-Ohio-4138 (*Dixon V*).

{¶ **12**} The instant appeal concerns a pro se "Motion to Correct Illegal Sentence" filed by Dixon on March 26, 2018, and a supplement to that motion filed by Dixon on April 10, 2018. In these motions, Dixon raised the same arguments that he had previously raised in *Dixon I* through *V.* As it had done previously, the trial court denied the motions

on res judicata grounds. Dixon now appeals from that order, raising three assignments of error for review.

**Assignments of Error**

{¶ 13} Under his first assignment of error, Dixon contends his trial counsel rendered ineffective assistance for failing to file a witness list, a motion for a lesser offense, a motion to dismiss, a motion for bill of particulars, a motion to suppress, and a motion for change of venue. Dixon also claims his trial counsel failed to interview defense witnesses, failed to obtain documents to impeach the State's witnesses, and paid a private investigator to threaten defense witnesses to leave town. Dixon further claims that his trial counsel engaged in certain conduct before and during trial that purposely sabotaged his defense. Dixon also claims both his trial and appellate counsels were ineffective for failing to raise the issue of allied offenses at sentencing and on direct appeal.

{¶ 14} Under his second assignment of error, Dixon contends the State engaged in prosecutorial misconduct by coaching witnesses and knowingly submitting false witness testimony at trial.

{¶ 15} Under his third assignment of error, Dixon contends he was denied due process as a result of judicial bias and the disparity between his sentence and the sentences received by his co-conspirators. Dixon also contends the trial court did not make the necessary statutory findings at sentencing and failed to merge allied offenses of similar import. Dixon further claims his sentence is excessive and in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

{¶ 16} After a thorough review of the record, we find that all of the foregoing arguments raised by Dixon are barred by the doctrine of res judicata.

**Law and Analysis**

{¶ 17} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). "The res judicata bar applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order." *State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 14, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Therefore, "[w]hen a petitioner seeks postconviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata." *State v. Jennison*, 5th Dist. Coshocton No. 2015-CA-0003, 2015-Ohio-3204, ¶ 9, citing *State v. Tucker*, 8th Dist. Cuyahoga No. 84595, 2005-Ohio-109, ¶ 11. (Other citation omitted.)

{¶ 18} Res judicata also bars claims that could or should have been brought in a first petition for postconviction relief. *State v. Finfrock*, 2d Dist. Montgomery No. 16944, 1998 WL 726478, *5 (Oct. 16, 1998); *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35 ("res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions * * * that could have been raised, but were not, in the first post-conviction relief petition"). "While Ohio law may permit the filing of multiple

petitions, a petitioner does not have *carte blanche* to file successive petitions endlessly." (Emphasis sic.) *State v. Cotton*, 8th Dist. Cuyahoga Nos. 71234 and 71235, 1997 WL 232672, *3 (May 8, 1997), citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). In addition, "[t]rial courts are not required to entertain successive petitions which allege the same grounds as an earlier petition." *State v. Williams*, 8th Dist. Cuyahoga No. 68613, 1996 WL 17333, *2 (Jan. 18, 1996), citing *Steffen* at 411. (Other citations omitted.)

{¶ 19} The instant appeal represents yet another attempt by Dixon to obtain postconviction relief under R.C. 2953.21. "To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable." *State v. Rollins*, 2d Dist. Champaign No. 2018-CA-3, 2018-Ohio-4525, ¶ 10, citing R.C. 2953.21. In this case, all the claims raised in support of Dixon's petition/"Motion to Correct Illegal Sentence" were barred by res judicata because they were either already raised and addressed in one of Dixon's prior five appeals or they could have been raised by Dixon during his direct appeal or in one of his prior petitions for postconviction relief. Because all of Dixon's claims are barred by res judicata, his first, second, and third assignments of error are overruled.

## Conclusion

{¶ 20} Having overruled all assignments of error raised by Dixon, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
William Dixon
Hon. Steven K. Dankof