[Cite as *State v. Pillow*, 2011-Ohio-4294.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-71 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 07-CR-446 |
| v. | : | 07-CR-556 |
| | : | |
| GEORGE E. PILLOW | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of August, 2011.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

GEORGE E. PILLOW, #566-351, Warren Correctional Institution, Post Office Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant George Pillow appeals pro se from judgments dismissing his petitions for post-conviction relief in Greene County Common Pleas Court Case No. 2007-CR-446 (*Pillow I*) and Greene County Common Pleas Court Case No. 2007-CR-556 (*Pillow II*).   The dismissals were based on the fact that the petitions had not been timely filed.

{¶ 2} Pillow contends that the trial court erred and abused its discretion when it failed to address the claim that the trial court lacked subject-matter jurisdiction over his criminal cases due to defects in the indictment. In addition, Pillow argues that the trial court erred in imposing a "sentencing judgment" rather than a "judgment of conviction." Finally, Pillow contends that the language in the indictments in both cases were worded similarly and should have contained the name of the victims.

{¶ 3} We conclude that the trial court did not err in dismissing Pillow's untimely petitions for post-conviction relief. Assuming for purposes of argument that otherwise untimely petitions for post-conviction relief may be used to address lack of subject-matter jurisdiction, the indictments were not defective, because there is no requirement that a trial court clerk must sign indictments. The trial court's sentencing entries also comply with Crim. R. 32(C). Finally, any argument about the alleged insufficiency of the content of the indictments is barred by res judicata, because the issue could have been raised on direct appeal in either case. Accordingly, the judgment of the trial court is Affirmed.

I

{¶ 4} In September 2007, George Pillow was convicted, after a jury trial, on one count of Robbery and one count of Burglary. These charges arose from Pillow's act of taking cash from the East End Drive Thru in Xenia, Ohio, in March 2007. Pillow was sentenced to four years in prison on each count, with the sentences to be served consecutively. After granting Pillow the right to file a delayed appeal, we affirmed the conviction and sentence in November 2008, with the exception of a restitution order, which we concluded had not been established with sufficient certainly. See *State v. Pillow*, Greene App. No. 07CA095, 2008-Ohio-6046, ¶151-52.

{¶ 5} Pillow was involved in a second incident at the same business in July 2007, and was indicted on one count of Aggravated Robbery. After a jury trial in which he acted as his own counsel, Pillow was convicted. He was then sentenced to eight years in prison, to be served consecutive to the sentence in the earlier case. We affirmed the conviction and sentence in November 2008. See *State v. Pillow*, Greene App. No. 07CA102, 2008-Ohio-5902.

{¶ 6} Following the verdict in *Pillow I*, Pillow filed a petition for post-conviction relief in that case in November 2007. The trial court denied the petition in March 2008. Pillow then filed a second petition for post-conviction relief (designated as a "motion to vacate") in July 2010. The trial court denied that motion in September 2010, because it was not timely filed under either R.C. 2953.21(A) or Crim. R. 34.

{¶ 7} In *Pillow II*, Pillow filed only one petition for post-conviction relief, also designated as a motion to vacate based on the court's alleged lack of jurisdiction. The motion was filed in August 2010, nearly three years after Pillow was convicted and sentenced. The trial court denied this motion also in September 2010, because it was untimely under both R.C. 2953.21(A) and Crim. R. 34. Pillow appeals from the judgments denying his petitions for post-conviction relief.

II

{¶ 8} Pillow's sole assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN THE TRIAL COURT FAILED TO ADDRESS APPELLANT'S CLAIM OF THE TRIAL COURT LACK OF SUBJECT MATTER

JURISDICTION, AND IN NOT DECLARING THE JUDGMENT VOID DUE TO THE UNLAWFUL ALTERATIONS WHICH DID NOT INDICATE WHO MADE THE ALTERATIONS OR WHEN THEY WERE MADE, THUS DENYING APPELLANT THE DUE PROCESS GUARANTEED BY BOTH THE UNITED STATES AND OHIO CONSTITUTIONS, AS THE TRIAL COURT ALSO FAILED TO EFFECT A LAWFUL JUDGMENT OF CONVICTION IN BOTH CASES RELATED TO THIS APPEAL. (REFERENCES: ENTRY 9/20/2010; SENTENCING JUDGMENT ENTRIES OF 10/8/2007 AND 10/8/2007 AND 11/20/2007).”

{¶ 10} Under this assignment of error, Pillow contends that the trial court lacked subject-matter jurisdiction in *Pillow I* and *Pillow II* because the indictments in both cases lack a signed verification of a clerk or deputy clerk stating that the indictments are true and accurate copies of the original indictments.   Pillow also contends that the judgment entries in both cases are invalid because they are “sentencing entries,” not “judgments of conviction.” In response, the State argues that Pillow’s post-conviction petitions are successive and are untimely.   The State further argues that the petitions were properly denied on the merits.

{¶ 11} R.C. 2953.21(A)(2) provides that petitions for post-conviction relief must be filed:

{¶ 12} “no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *   If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.”

{¶ 13} The petitions in question were filed in 2010, and were, therefore, untimely under R.C. 2953.21(A)(2). Furthermore, because Pillow had filed a post-conviction petition in *Pillow I* previously, that petition is also a second or successive petition. R.C. 2953.23(A)(1) provides that untimely and/or successive petitions for post-conviction relief may not be entertained unless both of the following requirements are satisfied:

{¶ 14} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 15} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶ 16} In the case before us, Pillow was served with copies of both indictments prior to trial; therefore, he was not unavoidably prevented from discovering the facts upon which his claim for relief is based. He would additionally have received copies of the sentencing entries. Pillow also fails to assert a new federal or state right that was recognized by the United States Supreme Court, and which applies retroactively to persons in his situation. Finally, Pillow fails to show by clear and convincing evidence that absent constitutional error at trial, no reasonable fact-finder would have found him guilty of the charges in *Pillow I* (Robbery and Burglary), and the charges in *Pillow II* (Aggravated Burglary). Accordingly,

the trial court did not err in refusing to entertain Pillow's untimely motions for post-conviction relief.

{¶ 17} In *Novak v. Gansheimer*, Ashtabula App. No. 2003-A-0023, 2003-Ohio-5428, ¶ 8, the Eleventh District Court of Appeals rejected various habeas corpus claims of a prisoner, including an allegation that the clerk of courts had failed to certify the indictment. The Eleventh District Court of Appeals reasoned that all challenges to grand jury proceedings could have been raised on direct appeal. Id. at ¶8.

{¶ 18} In *State v. Wilson*, Montgomery App. No. 21738, 2007-Ohio-4885, we assumed, without deciding, that an otherwise untimely petition for post-conviction relief could be used as a vehicle to challenge a conviction and sentence on grounds of lack of subject-matter jurisdiction. Id. at ¶22. The challenges in *Wilson* were to the fact that the indictment was neither endorsed as a "True Bill" nor certified by a foreman or deputy foreman as required by Crim. R. 6(C) and (F). We noted that a trial court's jurisdiction vests "by the return of a valid indictment." Id. at ¶23, citing *Dowell v. Maxwell* (1963), 174 Ohio St. 289, 290. We concluded that the indictment in *Wilson* was valid because the foreman of the grand jury had signed the indictment. Id. at ¶24.

{¶ 19} In the case before us, Pillow's challenge is based on the lack of a clerk's or deputy clerk's signature on the back of the indictment. The State points out that Crim. R. 6(C) and (F) only require that the grand jury foreman sign the indictment and that the clerk endorse the filing date, both of which were done. The State further notes that Crim. R. 7(B) only requires the prosecuting attorney or assistant prosecuting attorney to sign the indictment. Because this requirement was also met, the State contends that the trial court had subject-matter jurisdiction over both of Pillow's criminal cases.

{¶ 20} Crim. R. 6(F) states that:

{¶ 21} "An indictment may be found only upon the concurrence of seven or more jurors. When so found the foreman or deputy foreman shall sign the indictment as foreman or deputy foreman. The indictment shall be returned by the foreman or deputy foreman to a judge of the court of common pleas and filed with the clerk who shall endorse thereon the date of filing and enter each case upon the appearance and trial dockets. * * * "

{¶ 22} Similarly, Crim. R. 7(B) requires that the indictment be signed by the prosecutor or by an assistant prosecutor on behalf of the prosecutor. We agree with the State that the requirements of Crim. R. 6(F) and Crim. R. 7(B) have been met.

{¶ 23} Although the State does not refer to Crim. R. 9 in its brief, Crim. R. 9 also contains some additional conditions relating to indictments. Under Crim. R. 9(A), upon the prosecutor's request, the clerk must issue a warrant for each defendant listed in the indictment or information. Crim. R. 9(B) further provides that the clerk must sign the warrant and attach a copy of the warrant to the indictment. However, "[t]here is no requirement that the attached copy of the indictment be signed by the clerk." *State v. Stanley* (Aug. 24, 1989), Marion App. No. 9-87-57, 1989 WL 98424, *1 (finding no evidence in the record that "lack of certification by the clerk of courts on the indictment copy failed to inform Appellant of the charges brought against him, prejudiced the Appellant or denied him a fair trial"). Accordingly, the indictments were valid.

{¶ 24} Pillow's second contention in his petitions for post-conviction relief is that the sentencing entries are invalid judgments of conviction because each entry does not state that it is a "judgment of conviction." Instead, each entry is entitled "Judgment Entry

(Sentencing)."

{¶ 25} Any alleged deficiencies in the judgment entries would have been apparent at the time the entries were issued, and should have been raised on direct appeal. Even if these matters were properly before us, we note that the judgment entries comply with Crim. R. 32(C), which provides that:

{¶ 26} "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶ 27} The trial court's judgment entries properly state the crimes of conviction, note that Pillow was convicted by a jury, and impose the terms of sentence. Pillow's argument is without merit.

{¶ 28} Pillow's final argument is that the indictments in the respective cases are similarly worded and should have specified the name of the victims. The State argues that the indictments comply with *Russell v. U.S.* (1962), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, and *Valentine v. Konteh* (C.A. 6, 2005), 395 F.3d 626, which require indictments to "(1) contain the elements of the charged offense, (2) give the defendant adequate notice of the charges, and (3) protect the defendant against double jeopardy." *Valentine*, 395 F.3d. at 631. The alleged insufficiency of the content of the indictments would have been apparent at trial, and could have been raised on direct appeal. It is not a subject for post-conviction relief.

See, e.g., *State v. King,* Clark App. No. 2001-CA-73, 2002-Ohio-392 (holding that the defendant's post-conviction petition was barred by res judicata, because defects in the indictment could have been urged on direct appeal).

{¶ 29} As a final matter, the trial court correctly concluded that the motions were untimely, to the extent that they could be considered motions for arrest of judgment under Crim. R. 34.   Crim. R. 34 provides that:

{¶ 30} "The court on motion of the defendant shall arrest judgment if the indictment, information, or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. The motion shall be made within fourteen days after verdict, or finding of guilty, or after plea of guilty or no contest, or within such further time as the court may fix during the fourteen day period."

{¶ 31} Pillows motions were filed nearly three years after trial, and did not comply with the time requirements in Crim. R. 34.

{¶ 32} Pillow's sole assignment of error is overruled.

III

{¶ 33} Pillow's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Stephen K. Haller
Elizabeth A. Ellis
George E. Pillow
Hon. Stephen Wolaver