[Cite as *State v. Haynes*, 2014-Ohio-2675.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2013 CA 90 |
| v. | : | T.C. NO.    10 CR 517 |
| | | 10 CR 560 |
| MICHAEL HAYNES | : | 10 CR 732 |
| Defendant-Appellant | : | (Criminal appeal from Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____20th____ day of ____June____, 2014.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
         Attorney for Plaintiff-Appellee

MICHAEL HAYNES, #645111, Marion Correctional Institute, P. O. Box 57, Marion, Ohio 43301
         Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}  Michael Haynes appeals from a judgment of the Clark County Court of Common Pleas, which denied his motion to correct the sentences it imposed in 2010 in three cases.

{¶ 2}  For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3}  On December 15, 2010, Haynes was convicted on his guilty pleas on two counts of robbery in Clark C.P. No. 10-CR-517, one count of burglary in Clark C.P. No. 10-CR-560, and of one count of robbery in Clark C.P. No. 10-CR-732.  He was sentenced to a four-year term on each offense, to be served consecutively, for an aggregate term of 16 years.  In each case, the court ordered Haynes "to pay all costs of prosecution, Court appointed counsel costs and any fees permitted pursuant to Revised Code Section 2929.18(A)(4)."  He did not appeal from his convictions.

{¶ 4}  In March 2013, Haynes filed a Motion to Correct Sentence in each of the three cases.  While these motions were pending, Haynes filed motions for leave to file delayed appeal with this court, which raised some of the same issues.  In September 2013, the trial court denied the motions to correct sentence, finding no error in the sentences.  In October 2013, this court denied the motions for delayed appeal, and Haynes filed notices of appeal from the trial court's denials of his motions to correct sentence.

{¶ 5}  Haynes raises six assignments of error on appeal.  His arguments fall into two categories.  The first category consists of assignments five and six, which state:

**Trial court erred in sentencing to consecutive sentences without making findings pursuant to Ohio Revised Code 2929.14.**

**Trial court erred in not determining present and future ability to pay before imposing financial sanctions.**

{¶ 6}     Under these assignments of error, Haynes asserts that the trial court failed to make required findings related to the imposition of consecutive sentences, and that the trial court did not examine his present and future ability to pay before imposing financial sanctions. He acknowledges that he has not previously raised these arguments, but he asserts that the trial court committed plain error with respect to these issues, and thus they have "[been] preserved for further Appellate review at a later time."

{¶ 7}     In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. Under the plain error doctrine, errors or defects affecting substantial rights may be noticed on appeal although they were not brought to the attention of the trial court. Crim.R. 52(B). The plain error doctrine does not extend the period during which a defendant may appeal from the trial court's judgment; it simply allows an appellate court to review an error that was not objected to at trial. The "obvious" nature of such an error conflicts with any assertion that an extension is or should be provided in such a circumstance.

{¶ 8}     Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal, *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989. Otherwise, appeals could be filed indefinitely. Haynes's arguments under these assignments fall within that category, and are barred by res judicata.

{¶ 9}     Further, Haynes's arguments under these assignments of error are without merit. In most cases, a trial court is not required to give reasons explaining its findings with respect to the imposition of consecutive sentences, nor is it required to "recite any 'magic' or 'talismanic' words when imposing consecutive sentences," so long as the record reflects that

the court made the findings required by the statute. *See, e.g., State v. Back*, 2d Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶ 8; *State v. Boyle*, 2d Dist. Greene No. 2013-CA-43, 2014-Ohio-1271, ¶ 10.

**{¶ 10}** With respect to financial sanctions or costs and the trial court's alleged failure to determine whether Haynes had the ability to pay, we observe that each of the trial court's judgments ordered Haynes "to pay all costs of prosecution, Court appointed counsel costs and any fees permitted pursuant to [R.C.] 2929.18(A)(4)." None of the records indicates how much, if any amount, Haynes was actually required to pay. Further, in Clark C.P. No. 10-CR-517, $2,100 that was confiscated from Haynes by the Springfield Police Department was seized "to be applied toward the court costs imposed on all of the above cases." Because the records do not establish that Haynes was ordered to pay financial sanctions that exceeded the amount confiscated from him, we have no basis to conclude that the trial court erred in failing to more closely examine his ability to pay. Moreover, court costs are not financial sanctions, and thus a trial court need not consider a defendant's ability to pay before imposing such costs. *State v. Lux*, 2d Dist. Miami No. 2010-CA-30, 2012-Ohio-112, ¶45; *Columbus v. Kiner*, 10th Dist. Franklin No. 11AP-543, 2011-Ohio-6462, ¶ 4. Further, since March 2013, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." R.C. 2974.23(C).

**{¶ 11}** The fifth and sixth assignments of error are overruled.

**{¶ 12}** The first, second, third, and fourth assignments of error state:

> **Trial court abused its discretion by entering an incorrect entry of sentencing.**
>
> **The trial court erred in not advising of right to appeal pursuant to Criminal Rule 32(B).**
>
> **Trial court failed to properly impose post-release control pursuant to Ohio Revised Code 2967.28.**
>
> **Trial court erred by not considering the necessary factors set forth in Ohio Revised Code §2929.11, and 2929.12.**

{¶ 13} Under these assignments of error, Haynes raises issues with respect to the trial court's sentencing entries and whether the court made the necessary findings before imposing the sentences that it did. Haynes acknowledges that he raised these same issues in his motions for delayed appeal, which we overruled.

{¶ 14} As we discussed above, the issues raised in Haynes's assignments of error could have been raised on direct appeal, and are barred by res judicata, regardless of whether they might be characterized as plain error. The time for filing a direct appeal is long past, App.R. 4(A), so any appeal could be taken only with leave of this court. App.R. 5(A). Having denied Haynes's motions for leave to appeal, wherein he attempted to raise these matters, we will not consider these issues.

{¶ 15} The first, second, third, and fourth assignments of error are overruled.

{¶ 16} The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

**[Cite as *State v. Haynes*, 2014-Ohio-2675.]**
Copies mailed to:

Lisa M. Fannin
Michael Haynes
Hon. Richard J. O'Neill