[Cite as *State v. Dixon*, 2018-Ohio-192.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27652 |
| | : | |
| v. | : | Trial Court Case No. 05-CR-4213/4 |
| | : | |
| WILLIAM DIXON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of January, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

WILLIAM DIXON, #529-169, Toledo Correctional Institute, P.O. Box 80033, 2001 E. Central Avenue, Toledo, OH 43608
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} William Dixon appeals pro se from the trial court's denial of his April 17, 2017 motion for relief from judgment on the basis of a void sentence.

{¶ 2} Although Dixon's appellate brief lacks an assignment of error, the essence of his argument, both in his motion below and on appeal, is that the trial court erred in failing to merge allied offenses when it sentenced him in 2006 to an aggregate twenty-one-year prison term for complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit felonious assault, all with firearm specifications.

{¶ 3} Following his conviction, Dixon filed an unsuccessful direct appeal. He also unsuccessfully pursued post-conviction relief on appeal. *See*, *e.g.*, *State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755; *State v. Dixon*, 2d Dist. Montgomery No. 23592, 2010-Ohio-2635; *State v. Dixon*, 2d Dist. Montgomery No. 26873, 2016-Ohio-5538.

{¶ 4} In his recent motion for relief from judgment, Dixon argued that the trial court had a mandatory duty to merge allied offenses of similar import in his case and that res judicata did not preclude him from raising the issue now because the non-merger of allied offenses rendered his 2006 sentence void. (Doc. #11). The trial court rejected Dixon's argument. While not conceding that he was entitled to merger, the trial court reasoned that a failure to merge allied offenses of similar import renders a sentence voidable, not void. That being so, the trial court concluded that res judicata applied because Dixon could have raised the issue on direct appeal. (Doc. #15).

{¶ 5} Upon review, we see no error in the trial court's ruling. Any allied-offense sentencing error would have rendered Dixon's sentence voidable, not void. Thus, res

judicata precludes him from raising an allied-offense issue in post-conviction proceedings when the issue could have been raised on direct appeal.[1] *State v. Byrd*, 2d Dist. Montgomery No. 26700, 2015-Ohio-5293, ¶ 10 ("The failure to merge allied offenses does not render a judgment void, but voidable. * * * Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal."); *see also State v. Haynes*, 2d Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶ 14 ("[T]he issues raised in Haynes's assignments of error could have been raised on direct appeal, and are barred by res judicata, regardless of whether they might be characterized as plain error."); *State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 11 ("Because Dominguez could have raised the allied-offense issue in a direct appeal, the trial court correctly concluded that res judicata applied to his post-conviction motions."). Here we see no reason why Dixon could not have raised an allied-offense argument on direct appeal, and he has not identified any such reason.

{¶ 6} In his reply brief, Dixon suggests that his attorney actually did raise an allied-offense issue on direct appeal. This court's February 22, 2008 opinion affirming Dixon's conviction on direct appeal contains no reference to an allied-offense issue. *See State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755. But even if we assume his assertion is true, res judicata still applies. *See, e.g.*, *State v. Kidd*, 2d Dist. Clark No. 2016-CA-87, 2017-Ohio-6996, ¶ 12 (recognizing that res judicata applies to issues that were or could have been raised on direct appeal).

---

[1] Dixon appears to believe that some "new law" renders a sentence void if it results from an error in failing to merge allied offenses of similar import. But none of the cases he cites stand for that proposition, which is contrary to Ohio law.

{¶ 7} In short, the trial court correctly found that Dixon's sentence would have been voidable, not void, if an allied-offense error had occurred and that res judicata applied. The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck
Sarah E. Hutnik
William Dixon
Hon. Steven K. Dankof