[Cite as *State v. Dixon*, 2021-Ohio-225.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28797 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-4213/4 |
| | : | |
| WILLIAM DIXON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

WILLIAM DIXON, #A529-169, P.O. Box 80033, Toledo, Ohio 43608
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} William Dixon appeals from an order of the Montgomery County Court of Common Pleas, which treated his "Motion for Summary Judgment" as a petition for post-conviction relief and overruled it.   We affirm.

{¶ 2} In June 2005, Dixon planned an armed robbery with three co-conspirators. Things went badly. When Devon Schultz, one of the participants, pointed a gun at the victim, a struggle ensued and the victim was shot by Schultz. Dixon and the other co-conspirators were indicted on one count each of complicity to commit: aggravated robbery; aggravated burglary; and felonious assault. All of the charges carried firearm specifications. The three other co-defendants pled guilty as charged. In August 2006, Dixon was convicted of all of the charges and specifications after a jury trial. He was sentenced to 21 years in prison.

{¶ 3} Dixon has filed multiple motions, appeals, petitions, and other actions in both state and federal courts. This case is his 13th filing of a notice of appeal in Montgomery County, although several of those cases have been dismissed for one reason or another. We have issued opinions in seven prior appeals: *State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755 (*Dixon I*) (direct appeal); *State v. Dixon*, 2d Dist. Montgomery No. 23592, 2010-Ohio-2635 (*Dixon II*) (filed as post-conviction relief); *State v. Dixon*, 2d Dist. Montgomery No. 26873, 2016-Ohio-5538 (*Dixon III*) (treated as post-conviction relief); *State v. Dixon*, 2d Dist. Montgomery No. 27652, 2018-Ohio-192 (*Dixon IV*); *State v. Dixon*, 2d Dist. Montgomery No. 27961, 2018-Ohio-4138 (*Dixon V*) (including a post-conviction relief issue); *State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230 (*Dixon VI*) (treated as post-conviction relief); and *State v. Dixon*, 2d Dist. Montgomery No.

28507, 2020-Ohio-2741 (*Dixon VII*) (filed as post-conviction relief).

{¶ 4} On April 3, 2020, Dixon filed a document in the trial court entitled "Motion for Summary Judgment (Direct Verdict Requested Urgency)." His memorandum in support started by invoking R.C. 2953.21, the post-conviction relief statute. He also cited R.C. 2953.74 for the proposition that one who claims actual innocence may file a petition to set aside or vacate the sentence or judgment. In the remainder of the memorandum, he raised three claims: (1) that he should not have been sentenced for a firearm specification because he did not personally display, brandish or use a gun and he personally did not have contact with the victim when co-defendant Schultz, who had the weapon, went inside the victim's house and shot the victim; (2) that he should not have been convicted of complicity because the planned robbery became a "failed robbery" and "[n]o person shall be convicted of complicity under this section unless an offense is actually committed," R.C. 2923.03 (C), although he agrees that a complicitor could be convicted of an attempt to commit a failed offense but he says the jury was not instructed on attempt; and (3) that because he did not have a gun and an aggravated robbery was not committed by him, his conviction and the firearm specification were illegal and should be vacated, or at least the complicity conviction should be reduced to the next lower degree as an attempt to commit an offense.

{¶ 5} The trial court correctly treated Dixon's filing as a post-conviction relief petition. After conviction, when a criminal defendant files a pleading to vacate or correct his conviction or sentence on the basis that his constitutional rights have been violated, that filing is a petition for post-conviction relief as defined in R.C. 2953.21. *State v. Brown*, 2d Dist. Darke No. 1747, 2009-Ohio-3430, ¶ 16.

{¶ 6} The trial court determined that Dixon's filing was too late. We agree. Under R.C. 2953.21(A)(2), a defendant is required to file a post-conviction relief petition within 365 days[1] after the trial transcript is filed in the direct appeal. A court may not consider a late petition unless: (1) the petitioner "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim" *and* (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A). "The phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Rainey*, 2d Dist. Montgomery No. 23851, 2010-Ohio-5162, ¶ 13, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. The only other exception to the post-conviction time limit is that the claim asserted is based on a new federal or state right that the United States Supreme Court has recognized and that applies retroactively. R.C. 2953.23(A)(1)(a). There is no applicable retroactive Supreme Court ruling here.

{¶ 7} Dixon's trial transcripts were filed in the direct appeal in April 2007. Dixon has failed to provide any evidence, or any argument, that he was prevented from discovery of any facts necessary to support his claim. We previously have determined that reasonable factfinders, the jury, could have found him guilty beyond a reasonable doubt. Dixon's April 3, 2020 filing was 12 years too late. The trial court was prohibited from considering the arguments raised in his April 3, 2020 filing.

{¶ 8} In addition, the trial court quoted part of our direct-appeal decision, which indicated "the State proved that Mr. Dixon was complicit in the crimes of Aggravated

---

[1] At the time of Dixon's direct appeal, the filing time limit in R.C. 2953.21 was 180 days.

Robbery, Aggravated Burglary and Felonious Assault, including their attendant firearm specifications." *Dixon I,* 2d Dist. Montgomery No. 21823, 2008-Ohio-755, at ¶ 51. Nothing in the six subsequent appeals and nothing in this appeal has changed that conclusion.

{¶ 9} In his brief, Dixon raises three assignments of error. None of them contend the trial court was wrong for dismissing his April 3, 2020 filing because it was too late. Therefore, we need not resolve them. We also note that in his appellate brief, Dixon tries to imply that he brings this matter before the court "pursuant to Ohio Civil Rule 60(B)… invoked in a criminal case by way of rule 57(B)." Apparently, he is trying to avoid the time filing requirements of R.C. 2953.23 by trying to invoke Civ.R. 60(B). But he did not mention Civ.R. 60(B) in his April 3, 2020 trial-court filing. He *did* refer to R.C. 2953.23. Furthermore, even if he had raised Civ.R. 60(B) in his motion, such a motion must be recast as a petition for post-conviction relief if it is filed after a direct appeal, claims a violation of constitutional rights, and seeks reversal of the judgment of the trial court. *State v. Schlee,* 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Dixon's April 3, 2020 filing was a petition for post-conviction relief, and it was too late.

{¶ 10} Nevertheless, in his first assignment of error, Dixon claims that the indictment stated that Dixon himself had a firearm on his person and brandished or used the gun in the offense. But, he argues, the facts demonstrated that the gun in the offense was used by co-defendant Schultz, not Dixon, and the defective indictment constituted structural error. We disagree. Plain error is the standard of review when, as here, an objection to an indictment is not raised prior to trial. *State v. Hartman,* 2016-Ohio-2883, 64 N.E.3d 519, ¶ 66 (2d Dist.). We see no plain error when the indictment specifically referred to Dixon as an aider or abettor and included a firearm specification that tracked

the statutory language. Furthermore, "[i]t is well settled that an unarmed accomplice can be convicted of an underlying felony, together with a firearm specification, based on an aider and abettor status." *State v. Porch*, 8th Dist. Cuyahoga No. 65348, 1994 WL 173509, *4 (May 5, 1994), citing *State v. Chapman*, 21 Ohio St.3d 41, 487 N.E.2d 566 (1986).

{¶ 11} Dixon's also argues in his first assignment that the trial court was wrong to refuse to hear his actual innocence claim under R.C. 2953.74. That statute refers only to DNA testing results, not general arguments of actual innocence. Besides, a claim of actual innocence is not itself a constitutional claim, nor does it constitute a substantive ground for post-conviction relief. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 26. If we were to consider the first assignment of error, it would provide no ground for relief.

{¶ 12} In his second assignment of error, Dixon contends he was sentenced on multiple charges based on R.C. 2923.03, complicity. He states that the plan was for co-defendant Schultz to knock on the door, then Dixon would run in and carry the money out. But Dixon never went in, he abandoned the crime, and Schultz instead shot the victim. He contends that the evidence about his involvement supported a conviction for conspiracy, R.C. 2923.01, but not complicity. He refers to 13 previous court of appeals case numbers and says this court "13 times" said that Dixon was guilty of planning and that he, Dixon, was supposed to go into the house but he did not fulfill his role. Therefore, he contends his charge should have been an attempt under R.C. 2923.02 and the entire conviction must be vacated. Dixon is simply wrong. "Evidence presented at his trial showed that Defendant planned the robbery, purchased the clothing Schultz wore

when she approached the [victim's] residence, provided the weapon Schultz used, drew a map of the area around the [victim's] home, purchased ammunition, and led the participants to the [victim's] home." *Dixon II,* 2d Dist. Montgomery No. 23592, 2010-Ohio-2635, at ¶ 5. Dixon did not testify. His contention that he abandoned his role is not supported anywhere in our many prior decisions. If we were to consider it, the second assignment of error would provide no ground for relief.

{¶ 13} In his third assignment of error, Dixon again argues that his conviction for complicity to aggravated robbery was structurally defective because on the day of the planned robbery, Schultz shot the victim and she ran, constituting an attempt, not a robbery. Therefore, he says, he should have been charged as a complicitor under 2923.03 and then the attempt statute, R.C. 2923.02, would have made his offense one degree lower because R.C. 2923.03(C) states that "[n]o person shall be convicted of complicity under this section unless an offense is actually committed, but a person may be convicted of complicity in an attempt to commit an offense." Because he contends a crime was not committed by him, he could only be convicted of an attempt. Dixon continues to ignore that we have repeatedly held that the evidence in the record supported his conviction as an aider and abettor for each of the offenses and specifications. We need not decide again what has been repeated in the seven prior appeals.

{¶ 14} We finally note that in *Dixon VII,* 2d Dist. Montgomery No. 28507, 2020-Ohio-2741, issued less than a year ago, we said:

Dixon fundamentally misapprehends the provisions of R.C. 2923.03(F) and 2911.01(A)(1). Under the former statute, a person who "is

guilty of complicity" in the commission of an offense "shall be prosecuted and punished <u>as if he were a principal offender</u>." (Emphasis added.) Consequently, regardless of the fact that "Dixon never personally [b]randished a [g]un" in [the victim's] presence, given that "Schultz alone [entered the victim's ] house," Dixon was properly convicted of a three-year firearm specification under R.C. 2941.145. Appellant's Brief, Part One 3. Similarly, regardless of the fact that Dixon and his associates did not actually succeed in their attempt to commit a theft offense, he was properly convicted of complicity in the commission of aggravated robbery. Pursuant to R.C. 2911.01(A)(1), a person is guilty of aggravated robbery if he has "a deadly weapon on or about [his] person or under [his] control" and either "display[s] the weapon, brandish[es] it, indicate[s] that [he] possesses it, or use[s] it" while "<u>attempting</u> or committing a theft offense," or while "<u>fleeing immediately after the attempt</u> or offense." (Emphasis added.)

*Id.* at ¶ 16.

{¶ 15} The foregoing paragraph indicates that in the case immediately preceding this one, we already analyzed most of the arguments Dixon makes in this case. He cannot repackage arguments already made to achieve a different result.

{¶ 16} The judgment of the trial court is affirmed in its entirety.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
William Dixon
Steven K. Dankof