[Cite as *State v. Dixon*, 2022-Ohio-2051.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29324 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-4213/4 |
| | : | |
| WILLIAM DIXON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

WILLIAM DIXON, Inmate No. A529-169, Toledo Correctional Institution, P.O. Box 80033, Toledo, Ohio 43608
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant William Dixon appeals pro se from an order of the Montgomery Court of Common Pleas denying his post-conviction motion to withdraw his plea and to vacate his conviction. For the reasons set forth below, the order will be affirmed.

## I.     Facts and Procedural History

{¶ 2} This is Dixon's eighth appeal in his criminal case. We have previously summarized the facts and procedural background as follows:

In 2005, Dixon was one of four people who acted in concert to rob a residence on Lynnaway Drive in Dayton, Ohio. The resident of the property was able to prevent the robbery, but was shot and injured by one of Dixon's co-conspirators in the process. Dixon and his co-conspirators fled the scene after the attempted robbery, but were later arrested and indicted for complicity to commit aggravated robbery, complicity to commit aggravated burglary, complicity to commit felonious assault, and three attendant firearm specifications.

By the time Dixon's case went to trial, his co-conspirators had already pled guilty to the indicted charges and were serving their respective prison sentences. Prior to his trial, Dixon filed two motions to suppress and several pro se motions, all of which the trial court overruled. On the first day of trial, the trial court also overruled a last-minute request by Dixon to retain

different counsel. Later on, Dixon moved for a mistrial twice in response to the State presenting witness testimony indicating that he had engaged in prior robberies. However, the trial court overruled those motions as well.

In proceeding with trial, the State presented evidence showing that Dixon had planned the robbery, purchased the clothing worn during the robbery, drawn a map of the area around the Lynnaway residence, led his co-conspirators to the Lynnaway residence, and provided the weapon and ammunition used during the robbery attempt. In light of this evidence, the jury found Dixon guilty of all the indicted charges and specifications.

Following the jury's verdict, the trial court sentenced Dixon to an aggregate term of 21 years in prison. Dixon then appealed from his conviction and sentence claiming: (1) the trial court erred in imposing consecutive, maximum sentences; (2) the trial court abused its discretion in denying his last-minute request to replace counsel; (3) the trial court abused its discretion in failing to declare a mistrial; (4) his convictions were against the manifest weight of the evidence; and (5) his trial counsel provided ineffective assistance. In support of his ineffective assistance claim, Dixon alleged that his trial counsel denied him his right to testify at trial and failed to interview and subpoena key defense witnesses. We rejected all of Dixon's claims and affirmed his conviction and sentence. *See State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755 (*Dixon I*).

While his appeal in *Dixon I* was pending, Dixon filed a petition for

postconviction relief with the trial court. In the petition, Dixon raised several claims, including the same ineffective assistance claims raised in his direct appeal. Dixon also raised a claim of prosecutorial misconduct alleging that the State knowingly presented false testimony and withheld exculpatory evidence at trial. After our decision in *Dixon I* was issued, the trial court denied Dixon's petition for postconviction relief, and Dixon appealed. On appeal, we determined that the claims raised in Dixon's petition for postconviction relief either lacked merit or were barred by res judicata. Accordingly, we affirmed the trial court's judgment denying Dixon's petition. *See State v. Dixon*, 2d Dist. Montgomery No. 23592, 2010-Ohio-2635 (*Dixon II*).

Five years after our decision in *Dixon II*, Dixon filed five pro se motions with the trial court entitled: (1) "Motion of Notice of Brief"; (2) "Motion to Submit Brief and Three Appendices"; (3) "Motion to Seal Records and Proceedings and Motion for New Trial"; (4) "Motion for Summary Judgment"; and (5) "Motion for New Trial for the New Evidence." The trial court overruled all five motions in a single order, and Dixon thereafter appealed.

In [his] third appeal, Dixon raised several claims, including the same claims of prosecutorial misconduct and ineffective assistance of counsel that he raised in *Dixon II*. Dixon also claimed his trial counsel was ineffective for failing to file a witness list and pertinent motions such as a motion to

change venue, a motion to transfer the case to another judge, and a motion to determine witness reliability. Dixon further claimed that his trial counsel paid a private investigator to threaten witnesses. After reviewing the matter, we once again found that Dixon's claims either lacked merit or were barred by res judicata. Therefore, we affirmed the trial court's order overruling Dixon's five pro se motions. *See State v. Dixon*, 2d Dist. Montgomery No. 26873, 2016-Ohio-5538 (*Dixon III*).

Approximately eight months after our decision in *Dixon III*, Dixon filed a pro se motion for relief from judgment with the trial court. In support of this motion, Dixon argued that his sentence was void due to the trial court's failure to merge allied offenses of similar import at sentencing. The trial court, however, denied the motion on grounds that res judicata applied to Dixon's allied offenses claim. Dixon appealed, and we agreed that the allied offenses claim was barred by res judicata since it could have been, but was not, raised on direct appeal. *See State v. Dixon*, 2d Dist. Montgomery No. 27652, 2018-Ohio-192 (*Dixon IV*).

A month after our decision in *Dixon IV*, Dixon filed a pro se "Motion to Vacate a Void Sentence Per Criminal Rule 52(B)." Shortly thereafter, Dixon filed a supplement to that motion. The trial court denied both motions on grounds that the arguments raised therein were previously rejected on appeal and barred by res judicata. Dixon thereafter appealed from the trial court's order.

During [his] fifth appeal, Dixon once again argued that the trial court erred in failing to merge allied offenses and by imposing consecutive sentences. Dixon also challenged the disparity between his sentence and the sentences received by his co-conspirators. In addition, Dixon argued that his trial and appellate counsels were ineffective for failing to properly raise the aforementioned sentencing issues at trial and on direct appeal. Dixon further argued that the evidence adduced at trial was insufficient to support his convictions, the State committed prosecutorial misconduct at trial, and the trial court was biased against him because it falsely believed he was anti-Semitic based upon a statement made during sentencing. We rejected each of Dixon's claims on res judicata grounds since the claims were either raised in one of Dixon's prior appeals or could have been raised on direct appeal. Accordingly, we affirmed the trial court's order denying Dixon's motion to vacate sentence and the corresponding supplemental motion. *See State v. Dixon*, 2d Dist. Montgomery No. 27961, 2018-Ohio-4138 (*Dixon V*).

*State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 2-10 (*Dixon VI*).

**{¶ 3}** *Dixon VI* involved a 2018 pro se filing by Dixon entitled "Motion to Correct Illegal Sentence" and a supplement to that motion. The trial court denied the motions on res judicata grounds. Dixon appealed from that order, raising claims of ineffective assistance of counsel and prosecutorial misconduct. He also claimed he was denied due process of law due to judicial bias and the disparity between his sentence and the

sentences received by his co-conspirators. We affirmed the trial court's judgment, finding that all of Dixon's arguments were barred by the doctrine of res judicata. *Dixon VI*.

{¶ 4} In 2019, Dixon filed a petition for post-conviction relief in which he argued his sentence was void because the trial court had failed to merge allied sentences and improperly imposed consecutive sentences. The trial court denied the petition as barred by res judicata. On appeal, Dixon argued "that he has been improperly convicted, and wrongfully imprisoned, because the incident at Shoshana Harbor's house in June 2005 'was a failed robbery" during which he himself did not brandish or use a firearm. That is, Dixon claimed he was actually innocent because 'the [e]lements of [a]ggravated [r]obbery never took place, [a]nd the (3yr) [sic] [g]un spec. [sic] never took place.'" *State v. Dixon*, 2d Dist. Montgomery No. 28507, 2020-Ohio-2741, ¶ 15 (*Dixon VII*). (Citations and footnote omitted.) Although this argument was not discussed by the trial court, we concluded it was arguably raised in Dixon's petition. In overruling this argument, we stated:

> Dixon fundamentally misapprehends the provisions of R.C. 2923.03(F) and 2911.01(A)(1). Under the former statute, a person who "is guilty of complicity" in the commission of an offense "shall be prosecuted and punished as if he were a principal offender." (Emphasis added.) Consequently, regardless of the fact that "Dixon never personally [b]randished a [g]un" in Harbor's presence, given that "Schultz alone [entered Harbor's] house," Dixon was properly convicted of a three-year

firearm specification under R.C. 2941.145. Appellant's Brief, Part One 3. Similarly, regardless of the fact that Dixon and his associates did not actually succeed in their attempt to commit a theft offense, he was properly convicted of complicity in the commission of aggravated robbery. Pursuant to R.C. 2911.01(A)(1), a person is guilty of aggravated robbery if he has "a deadly weapon on or about [his] person or under [his] control" and either "display[s] the weapon, brandish[es] it, indicate[s] that [he] possesses it, or use[s] it" while "attempting or committing a theft offense," or while "fleeing immediately after the attempt or offense." (Emphasis added.)

*Dixon VII* at ¶ 16.

{¶ 5} In April 2020, Dixon filed a document in the trial court entitled "Motion for Summary Judgment (Direct Verdict Requested Urgency)." *State v. Dixon*, 2d Dist. Montgomery No. 28797, 2021-Ohio-225, ¶ 4 (*Dixon VIII*). The trial court treated the filing as a petition for post-conviction relief and overruled it as untimely. We affirmed the trial court. *Id.*

{¶ 6} The case now before us involves a document entitled "Motion to Withdraw (Plea) – Re-sentensing [sic] or Vacate all" filed with the trial court on October 27, 2021. In his motion, Dixon claimed he was entitled to withdraw his plea of not guilty entered at his arraignment in order to correct a manifest injustice. The trial court properly treated the motion as a petition for post-conviction relief and overruled it. Dixon appeals.

{¶ 7} During the pendency of this appeal, on April 14, 2022, Dixon filed a motion to supplement the record with "all post trial motions filed immedeitly [sic] after trial," as

well as a motion for leave to file a late response to the State's brief. Because we already have access to all motions filed in Dixon's underlying criminal case, his motion to supplement is overruled as being unnecessary. We have reviewed Dixon's motion for leave to file a response. This document, which actually sets forth his responses to the State's brief, is hereby admitted and has been treated as a responsive briefing. This appeal is ready for review.

## II. Analysis

{¶ 8} Dixon has failed to comply with App.R. 16(A). His appellate brief does not set forth any assignments of error. However, the arguments in his brief focus on the contention that the trial court erred by denying his motions to withdraw his plea and to vacate his conviction. Therefore, we take that contention to be his assignment of error.

{¶ 9} In his motion and appellate brief, Dixon claims the trial court must provide relief from the conviction in order to prevent a manifest injustice. He refers to various statutes and rules of criminal procedure, as well as an evidentiary rule, all of which he asserts provide mechanisms for granting the requested relief.

{¶ 10} Dixon first asserts he should be permitted to withdraw his plea of not guilty entered at his arraignment. In support, he cites Crim.R. 32.1 which states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." According to Dixon, this rule permits the withdrawal of any type of plea if the defendant is able to demonstrate

a manifest injustice.

{¶ 11} A plain reading of this statute demonstrates the relief provided therein is limited to the withdrawal of guilty pleas and pleas of no contest. The "manifest injustice" portion of the rule does not expand the type of pleas eligible for withdrawal. Instead, it merely expands the time for seeking relief. Dixon does not cite, and we cannot find, any case law providing for the withdrawal of a not guilty plea. Thus, we conclude that Crim.R. 32.1 does not provide a mechanism for obtaining such relief and we find no merit in Dixon's claim to the contrary.

{¶ 12} Dixon next cites Crim.R. 34, and R.C. 2947.04 as a bases for relief. The rule states:

> The court on motion of the defendant shall arrest judgment if the indictment, information, or complaint does not charge an offense or if the court was without jurisdiction of the offense charged. The motion shall be made within fourteen days after verdict, or finding of guilty, or after plea of guilty or no contest, or within such further time as the court may fix during the fourteen day period.

{¶ 13} R.C. 2947.04, which discusses the effect of an arrest of judgment, states: "[w]hen a judgment is arrested, it places the defendant in a like position with respect to the prosecution as before the indictment or information was found."

{¶ 14} We find no basis for concluding there was any defect in the indictment or that the trial court lacked jurisdiction. Indeed, Dixon has contested the validity of his indictment in *Dixon II*, *Dixon III* and *Dixon VIII*. He has not raised any new arguments

regarding such defects, thus the issue is barred by res judicata. Dixon also filed a May 2021 motion regarding his allegation that the trial court lacked jurisdiction over the criminal case. That motion was overruled and no appeal was taken. He does not assert any new jurisdictional claims in the current motion. Therefore, the jurisdictional claim is also barred.

{¶ 15} Further, Crim.R. 34 plainly states that a defendant has 14 days after a verdict is rendered in which to file a motion, unless the court grants a continuance of that time. Dixon filed this motion more than 15 years after the jury returned its guilty verdict; therefore, his motion was untimely. *See State v. Pillow*, 2d Dist. Greene No. 2010-CA-71, 2011-Ohio-4294, ¶ 31 (holding that the appellant's motions did not comply with the time requirements in Crim.R. 34 when they were filed nearly three years after trial). Thus, we conclude Dixon is not entitled to relief under the provisions of this rule.

{¶ 16} Dixon also makes reference to R.C. 2953.08(A) which provides that a defendant may appeal his sentence, as a matter of right, under certain defined circumstances. Even if this statute provided for successive appeals, which it does not, we note Dixon has already filed a direct appeal and at least five post-conviction appeals arguing defects in his sentence including the failure to merge allied offenses. Therefore, we conclude this statute does not provide him with a basis for relief.

{¶ 17} Dixon next refers to Crim.R. 33 which permits a defendant to file a motion seeking a new trial under certain circumstances. Motions for a new trial are governed by Crim.R. 33. Crim.R. 33(A), which sets forth the authorized bases for a new trial, provides:

(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

(3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is contrary to law. * * *

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *

{¶ 18} Except for motions based on newly discovered evidence under Crim.R. 33(A)(6), a motion for new trial "shall be filed within fourteen days after the verdict was rendered * * * unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial * * * [.]" Crim.R. 33(B). In contrast, a motion for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * * [.]" Id.

{¶ 19} In order to file a motion for new trial after the expiration of the time periods specified in Crim.R. 33(B), a defendant must first seek leave of the trial court to file a

delayed motion. *State v. Lanier*, 2d Dist. Clark No. 2009-CA-84, 2010-Ohio-2921, ¶ 15. "To obtain leave, defendant must demonstrate by clear and convincing evidence that he or she was unavoidably prevented from timely filing the motion for a new trial or discovering the new evidence within the time period provided by Crim.R. 33(B)." (Citations omitted.) *State v. Warwick*, 2d Dist. Champaign No. 2001-CA-33, 2002 WL 1585663, *2 (July 19, 2002).

{¶ 20} Dixon filed a motion for new trial in July 2009 which was overruled by the trial court. No appeal was taken. Here, Dixon did not seek leave to file a delayed motion. Furthermore, his current motion did not raise a claim that he was unavoidably delayed in filing the motion, nor did it assert that he had discovered new evidence. Thus, this avenue for seeking relief is unavailable.

{¶ 21} Finally, Dixon refers to Evid.R. 803(3), which provides that "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will" is not excluded by the rules against hearsay. This rule of evidence does not provide a mechanism for the requested relief.

{¶ 22} We next turn to Dixon's claims of manifest injustice. He first claims that defense counsel and the trial court failed to address his mental health. He asserts that he suffers from autism, delusions, and post-traumatic stress disorder. He further asserts he has learning disabilities and is "half-deaf." We first note that there is no competent

evidence in this record to support a claim that Dixon was suffering from any mental or learning disabilities at the time of trial which would have prevented him from participating in and understanding his defense. More importantly, Dixon raised this issue in his previous motion for a new trial. Thus, it is barred by res judicata.

**{¶ 23}** Dixon next claims he was denied his constitutional rights because his co-defendants received lesser sentences. This issue was resolved in both *Dixon V* and *Dixon VI* and, thus, is also barred by res judicata.

**{¶ 24}** Dixon asserts he was convicted because the State's witnesses lied at trial. This issue was raised in his 2006 motion for new trial. This claim was also disposed of in both *Dixon II* and *Dixon III* and, therefore, is barred by res judicata.

**{¶ 25}** He next claims he was somehow prejudiced by the fact that he did not know of any plea deal until the first day of trial. This claim was raised in his September 2006 motion to reduce sentence and was overruled by the trial court. No appeal was taken. This issue is barred by res judicata.

**{¶ 26}** It appears that Dixon also raises a claim that his conviction cannot stand because he is innocent. In support, he relates an alternate version of the events leading up to and during the commission of the subject offenses. Even a cursory review of Dixon's previous post-conviction filings demonstrates that he has related this claim numerous times. More importantly, Dixon was aware of this claimed alternate story at the time of his trial. Thus, this argument is barred by res judicata.

**{¶ 27}** Finally, Dixon asserts that he was denied a fair trial due to the ineffective assistance of counsel. Specifically, he claims counsel did not advise him of the possible

sentence he faced if he went to trial and that counsel incorrectly advised him regarding the merger of allied offenses. He also complains that counsel did not advise him that he could be responsible for a crime he claims was committed solely by others. In other words, he appears to claim he was not properly advised regarding the concept of complicity.

{¶ 28} We note the claims regarding counsel's failure to correctly advise him regarding sentencing were raised in Dixon's September 2006 motion to reduce sentence and are, thus, barred. Further, Dixon has previously raised claims of ineffective assistance of counsel in his direct appeal as well as *Dixon II* and *Dixon III*. Dixon does not claim he was unaware of counsel's alleged failure to discuss the complicity statutes at the times he filed his direct appeal, his petition for post-conviction relief, or any of the other numerous motions filed prior to the filings at issue in this appeal. Thus, we are constrained to conclude that he could have timely raised this issue rather than waiting more than a decade to do so. We conclude Dixon's claims of ineffective assistance of counsel are barred by res judicata.

{¶ 29} We again note that "[a]dverse rulings by the trial court in response to the repeated filings of substantively identical motions in no way constitutes a legitimate legal basis for a continuation of [a] properly concluded case." *State v. Cody*, 8th Dist. Cuyahoga Nos. 107595, 107607, and 107664, 2019-Ohio-2824, ¶ 18, quoting *State v. Hill*, 6th Dist. Lucas No. L-16-1086, 2016-Ohio-8529, ¶ 8-9. Thus, this attempt by Dixon to relitigate these same issues is barred.

{¶ 30} Dixon's assignment of error is overruled.

### III.      Conclusion

**{¶ 31}** Dixon's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
William Dixon
Hon. Steven K. Dankof